IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RYAN WHELAN, on behalf of himself and all others similarly situated; | CIVIL ACTION FILE NO.: |
| Plaintiffs, | |
| v. | |
| WESLEY APARTMENT HOMES, LLC, formerly known as EURAMEX MANAGEMENT GROUP, LLC; AVILA REAL ESTATE, LLC; and TURNER HILL PARTNERS, LLC, | |
| Defendants. | |

## NOTICE OF REMOVAL

Defendants Wesley Apartment Homes, LLC formerly known as Euramex Management Group, LLC, Avila Real Estate, LLC, and Turner Hill Partners, LLC ("Defendants") hereby remove this action from the State Court of DeKalb County to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446. In support of removal, Defendants show the following:

### TIMELINESS OF REMOVAL

1.

This civil action was filed on August 28, 2018 and is presently pending in the State Court of DeKalb County, Georgia, under the caption Ryan Whelan, on

behalf of himself and all others similarly situated v. Wesley Apartment Homes, LLC formerly known as Euramex Management Group, LLC, Avila Real Estate, LLC, and Turner Hill Partners, LLC and docketed as Case No. 18A70827 (the "State Court Action").

2.

Pursuant to 28 U.S.C. §1446(a), Defendants attach hereto as Exhibit A a true and correct copy of the Summons and Complaint filed by Plaintiffs in the State Court Action (the "Complaint").

3.

In the Complaint, Plaintiff asserts on behalf of himself and all others similarly situated a claim for violations of the Georgia Security Deposit Statute and seeks damages for the named Plaintiff and each Class Member in the amount of three times the alleged unlawfully withheld security deposits and an award of attorney's fees.

4.

On September 27, 2018, the Parties entered into a Stipulation extending the deadline for Defendants to respond to the Complaint through October 26, 2018. A true and correct copy of the Stipulation is attached hereto as Exhibit B.

5.

On October 26, 2018, Defendants filed their Answer to the Complaint.   A true and correct copy of the Answer is attached hereto as Exhibit C.

6.

Shortly after filing their Answer, on November 9, 2018, Defendants served Plaintiff with written discovery, including interrogatories, requests for production, and requests for admissions (the "Written Discovery"), aimed in large part at gathering information to ascertain whether the State Court Action is removable.   A true and correct copy of the Written Discovery is attached hereto as Exhibit D.

7.

On December 11, 2018, Defendants filed their First Amended Answer to the Complaint.   A true and correct copy of the First Amended Answer is attached hereto as Exhibit E.

8.

On December 12, 2018, Plaintiff served his responses to the Written Discovery.   A true and correct copy of Plaintiff's Responses to the Written Discovery is attached hereto as Exhibit F.

9.

This Notice of Removal is filed within thirty (30) days from the date when Defendants were served a copy of Plaintiff's responses to the Written Discovery, which made it first ascertainable to Defendants that the case is one which is or has become removable.   This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b)(3).

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

10.

28 U.S.C. § 1332(d)(2) reads in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

11.

In addition, jurisdiction is proper in the federal district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities.   28 U.S.C. § 1332(d)(5).

12.

As set forth below, and based on the allegations set forth in the Complaint by Plaintiff coupled with Plaintiff's responses to Written Discovery and this Notice of Removal, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving more than 100 members, the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from at least one of the Defendants. Further Defendants are not a State, State official, or other governmental entity.

## DIVERSITY JURISDICTION

13.

The Class Action Fairness Act's ("CAFA") diversity requirement is satisfied when (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen; or (3) when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2)(A)-(C).

14.

While the Complaint omitted any allegation as to Plaintiff's <u>citizenship</u>, Plaintiff admitted in response to Written Discovery that he is not a citizen of the State of Georgia and that he "is a citizen of Maryland.". (<u>See</u> Plaintiff's Responses to Turner Hill Partners LLC's First Requests for Admissions ("RFA"), Nos. 1 and 2; Plaintiff's Responses to Turner Hill Partners LLC's First Interrogatories ("ROG"), No. 1.)

15.

Plaintiff alleges in the Complaint that Defendants are Georgia corporations, each with its principal place of business in the State of Georgia. (Compl., ¶¶ 9-12.) Plaintiff's Complaint therefore admits that all Defendants are citizens of Georgia. <u>See</u> 28 U.S.C. § 1332(c).

16.

The diversity element of CAFA removal is satisfied as Plaintiff is a citizen of Maryland and Defendants are citizens of Georgia.

## AMOUNT IN CONTROVERSY[1]

### 17.

CAFA, 28 U.S.C. § 1332(d)(2), authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5,000,000.

### 18.

Plaintiff further attempts to circumvent removal by refraining from alleging in the Complaint any specific amount of recovery. (See Compl.) In response to Written Discovery, Plaintiff concedes that the Complaint does not set forth any specific amount in controversy, yet he continues his effort to circumvent removal by refusing to admit or deny whether "plaintiff contends that the amount in controversy in this action exceeds the sum or value of $5,000,000." (RFA Nos. 7, 10 and 11.) Hanna v. Miller, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001) ("courts may consider the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim

---

[1] Defendants deny the validity and merit of all of Plaintiff's claims, including the legal theories and purported statute of limitations upon which his claims are based, and deny the claims for monetary and other relief that flow from them, and use Plaintiff's alleged theories of recovery, purported statute of limitations, and the analysis herein only to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount.").

19.

Despite same, the allegations in the Complaint when read in conjunction with Plaintiff's responses to Written Discovery and this Notice of Removal establish that the amount in controversy here is satisfied.

20.

The Complaint is pleaded as a putative class action by which Plaintiff and all other similarly situated tenants, which Plaintiff contends is comprised of "at minimum...thousands" of people from "at least twelve apartment complexes," seek damages for alleged violations of the Georgia Security Deposit Statute. (Compl., ¶¶ 1, 30.) Plaintiff and the Class Members seeks three times the amount of security deposits allegedly improperly withheld pursuant to O.C.G.A. § §44-7-33 and 44-7-35 spanning a "twenty year" period beginning on or after August 28, 1998 and ending July 1, 2018. (Compl., ¶¶ 40-44; ROG No. 35.)

21.

Plaintiff contends that he paid $300 to Defendants as a security deposit. (Compl., ¶ 15.)

22.

As of January 11, 2019, Wesley Apartment Homes, LLC manages twelve apartment complexes totaling approximately 4,700 units. <u>See</u> Declaration of Jaime Diego attached hereto as <u>Exhibit G</u>. The average turn-over in an apartment community is 65% per year. <u>Id.</u> Without admitting and assuming for purposes of this analysis only that a twenty-year statute of limitations is applicable to Plaintiff's claim under the Georgia Security Deposit Statue, there are conceivably 61,100 departing tenants to be analyzed and considered (4,700 units x .65 x 20 years = 61,100 departing tenants).

23.

Without admitting and assuming for purposes of this analysis and removal only that 10% of departing tenants had their security deposit improperly withheld, and considering Plaintiff's allegation that he paid a $300 security deposit, which is less than the current average, and Georgia law which allows recovery for three times the amount improperly withheld, the amount in controversy is conceivably $5,499,000 ($300 security deposit x 3 x 61,100 departing tenants x .10).

24.

In addition, Plaintiff also claims an unspecified amount in attorney's fees on behalf of himself and each Class member pursuant to O.C.G.A. § 44-7-35. (Compl., ¶¶ 40-44.)  In determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. 1332(a), a court may consider attorneys' fees which are recoverable by statute.  Federated Mut. Ins. Co. v. McKinnon Motors, 329 F.3d 805, 808 n.4 (11th Cir. 2003) ("The general rule is that attorneys fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

25.

For purposes of this analysis only, the amount of attorneys' fees at issue in this matter could amount 25% of the damages awarded to Plaintiffs, or $1,374,750 (.25 x $5,499,000).  Camden I Condo. Ass'n v. Dunkle, 946 F.2d 768, 775 (11th Cir. 1991).

26.

Therefore, the aggregated claimed damages by Plaintiff and all others similarly situated including attorneys' fees exceeds the jurisdictional amount in controversy.

27.

Based on the foregoing, Defendants establish by a preponderance of the evidence that the aggregate claimed damages by Plaintiff and the Class Members, including attorneys' fees, exceed the $5,000,000 amount in controversy threshold for removal under CAFA.

## NUMEROSITY

28.

CAFA also provides that the district courts shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

29.

The putative class Plaintiff seeks to represent exceeds 100 members. (Compl., ¶ 30; RFA Nos. 5 and 6.)  As such, this Court properly has jurisdiction over this matter, as the class proposed by Plaintiff contains more than 100 members.

## VENUE IS PROPER

30.

Pursuant to 28 U.S.C. § 90(a)(2), the United States District Court for the Northern District of Georgia, Atlanta Division, is the district court having

jurisdiction over the geographical area where the State Court Action is pending. Pursuant to 28 U.S.C. § 1446(a), Defendants are entitled to remove this action from the State Court of DeKalb County to this Court.

31.

Defendants have provided written notice of the filing of this Notice of Removal to Plaintiffs and the Clerk of Court for the State Court of DeKalb County, a copy of which is attached hereto as Exhibit H.

32.

Based on the foregoing, Defendants respectfully request that this Court allow removal and assert jurisdiction over the State Court Action.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Michael P. Bruyere*
Michael P. Bruyere
Georgia Bar No. 090101
mbruyere@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

*Attorneys for Defendants*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
Telephone: 770-818-0000
Facsimile: 770-937-9960

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **NOTICE OF REMOVAL** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants and via first class mail by placing sufficient postage thereon to ensure delivery to:

> Michael B. Terry
> Naveen Ramachandrappa
> BONDURANT, MIXSON & ELMORE LLP
> 1201 W Peachtree St NW Ste 3900
> Atlanta GA  30309
>
> Matthew B. Stoddard
> THE STODDARD FIRM
> 5447 Roswell Road, Suite 204
> Atlanta, GA 30342
>
> Bryant T. Lamer
> Angus W. Dwyer
> Blake D. Smith
> SPENCER FANE LLP
> 1000 Walnut Street, Suite 1400
> Kansas City, MO 64106

This 11th day of January, 2019.

> */s/ Michael P. Bruyere*
> Michael P. Bruyere
> Georgia Bar No. 090101
> *Attorney for Defendants*

FREEMAN MATHIS & GARY, LLP

100 Galleria Parkway, Suite 1600
Atlanta, GA 30339
Telephone: 770-818-0000
Facsimile: 770-937-9960